

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 14 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BENTLEY MARK JENKINS,          §
                               §
        Movant,                §
                               §
VS.                            §    NO.  4:16-CV-448-A
                               §    (NO.  4:13-CR-032-A)
UNITED STATES OF AMERICA,      §
                               §
        Respondent.            §

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Bentley Mark Jenkins ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, movant's reply,[1] and pertinent parts of the record in Case No. 4:13-CR-032-A, styled "United States of America v. Jenkins," the court has concluded that such motion should be denied.

I.

Background

On September 23, 2013, a jury found movant guilty of bank robbery. CR Doc.[2] 139.  Movant's imprisonment range was 210 to 240 months' imprisonment, and on January 10, 2014, the court

---

[1]On July 11, 2016, movant filed a motion for court's consideration of his memorandum of facts and law in the above-captioned action. The court considers such memorandum of as movant's reply to the government's response to his motion under 28 U.S.C. § 2255.

[2]The "CR Doc. _" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:13-CR032-A.

sentenced him to a term of 240 months' imprisonment and three years of supervised release. CR. Doc. 170; CR. Doc. 171. Movant appealed his sentence and the sentence was affirmed. United States v. Jenkins, 592 F. App'x 311 (5th Cir. 2015).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion. Doc.[3] 1. Movant's first ground is ineffective assistance of counsel for failure to raise an argument that his offense was an intrastate not interstate offense. Doc. 1 at 5-6. Movant's second ground is ineffective assistance of counsel for failure to raise an argument that he could not be indicted or charged for bank robbery because he robbed a credit union. Doc. 1 at 6-7. Movant's final argument is that he should not have been sentenced as a career offender because his underlying conviction of bank robbery and prior convictions of bank robbery and aggravated assault were not crimes of violence. Doc. 1 at 8-9.

---

[3]The "Doc. _" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-448-A.

2

III.

Analysis

A.   Pertinent Legal Principles

    1.   Legal Standard for 28 U.S.C. § 2255

    After conviction and exhaustion of any right to appeal,
courts are entitled to presume that a defendant stands fairly and
finally convicted. United States v. Frady, 456 U.S. 152, 164-65
(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.
1991).

    Section 2255 does not offer recourse to all who suffer trial
errors. It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice. United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974). Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack." Moore v. United States, 598 F.2d 439, 441
(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,
517-18 (5th Cir. 1978)).

    2.   Legal Standard for Ineffective Assistance of Counsel

3

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from

4

best practices or most common custom. <u>Premo v. Moore</u>, 562 U.S.

115, 122 (2011).

B.   <u>The Grounds of the Motion are Without Merit</u>

1.   <u>Ground One</u>

Movant's first ineffective assistance of counsel claim

alleges that counsel was ineffective for a failure to argue that

movant should not have been charged under the federal bank

robbery statute because such statute only covers interstate

offenses and his offense was an intrastate offense. Doc. 1 at 5-

6. It appears that movant's argument is that his offense cannot

be an interstate offense unless he crossed state lines during the

commission of the offense. Doc. 1 at 5. An ineffective assistance

of counsel claim cannot be based on "an attorney's failure to

raise a meritless argument." <u>See</u> <u>United States v. Kimbler</u>, 167

F.3d 889, 893 (5th Cir. 1999) (citations omitted). Movant has not

shown that the failure of counsel to raise an argument that

movant's offense was intrastate not interstate conduct, amounts

to ineffective assistance of counsel.

2.   <u>Ground Two</u>

Movant's second ground for ineffective assistance of counsel

is that counsel did not challenge his indictment or conviction on

the basis that movant was being sentenced under a bank robbery

statute when he robbed a credit union, not a bank. Doc. 1 at 6-7.

Movant was indicted and charged under 18 U.S.C. § 2113(a) which

explicitly prohibits the taking of money from a credit union. CR. Doc. 12. In addition, movant's indictment specifically set forth that he took "money belonging to and in the care, custody, control, management and possession of a credit union . . . ." CR. Doc. 12.

Again, an ineffective assistance of counsel claim cannot be based on "an attorney's failure to raise a meritless argument." See Kimbler, 167 F.3d at 893 (citations omitted). Movant has not shown that the failure of counsel to raise an argument regarding his indictment and conviction for robbing a credit union, was ineffective assistance of counsel.

3.   Ground Three

Movant's third ground is that he is not a career offender in light of Johnson and Welch. Doc. 1 at 8-9. Movant asserts that the underlying offense of bank robbery, as well as, his previous bank robbery and aggravated assault convictions are not crimes of violence. Doc. 1 at 8.

The holding in Johnsonv. United States is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. Id. And, in Welch v. United States, the Court reminded:

6

"*Johnson* considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

The presentence report discloses that movant qualified as a career offender within the meaning of USSG[4] § 4B1.1(a) because he was at least eighteen years of age at the time he committed the offense of conviction, the offense of conviction was a felony that was a crime of violence, and he had at least two prior felony convictions for crimes of violence.

The court assumes that movant is contending that *Johnson* has potential applicability to his prior felony conviction of bank robbery and assault and his underlying conviction of bank robbery because of the presence of a residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") in § 4B1.2(a)(2) similar to the residual clause in 18 U.S.C. § 924(e)(1) with which the Supreme Court was concerned in *Johnson*. That is, he appears to be contending that his underlying conviction and prior convictions came within the

---

[4]All references to "USSG" in this order are to the Guidelines Manual effective November 1, 2013.

7

residual clause of § 4B1.2(a)(2). The right announced in <u>Johnson</u> specifically pertains to 18 U.S.C. § 924(e)(2)(B)(ii). The Fifth Circuit has held that <u>Johnson</u> does not apply to sentencing enhancements under the sentencing guidelines, including § 4B1.2 of the Sentencing Guidelines. <u>See</u> <u>In re: Arnick</u>, No. 16-10328, 2016 WL 3383487, at * 1 (5th Cir. June 17, 2016) (per curiam). Thus, the right asserted by movant is not "the right . . . [that] has been newly recognized by the Supreme Court and made retroactively applicable."

Furthermore, under Fifth Circuit law "a defendant cannot bring a vagueness challenge against a Sentencing Guideline because a defendant is not entitled to notice of where within the statutory range the guideline sentence will fall." <u>See</u> <u>United States v. Wilson</u>, 622 F. App'x 393, 405 n.51 (5th Cir. 2015); <u>see also</u> <u>United States v. Matchett</u>, 802 F.3d 1185 (11th Cir. 2015); <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990)(citing <u>United States v. Jones</u>, 905 F.2d 867 (5th Cir. 1990)).

Finally, even if USSG § 4B1.2(a)(2) could be challenged for vagueness in some circumstances, it is not subject to such a challenge as to the offense of robbery or aggravated assault because the commentary under § 4B1.2 expressly includes "robbery" and "aggravated assault" as crimes of violence. USSG § 4B1.2.

cmt. n.1. Thus, the residual clause § 4B1.2(a)(2) did not play a role in movant's sentencing.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 14, 2016.

JOHN McBRYDE
United States District Judge